UNITED STATED DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:15-CV-352-GNS

JIMMIE SUE BROWN and CHASTITY
BROWN, ANCILLARY
CO-ADMINISTRATRICES OF THE ESTATE
OF GLEN DALE BROWN AND JIMMIE
SUE BROWN, INDIVIDUALLY                                        PLAINTIFFS

v.

KENTUCKY UTILITIES COMPANY, et al.                             DEFENDANTS

GENERAL ELECTRIC COMPANY            DEFENDANT AND THIRD-PARTY
                                                         PLAINTIFF

v.

TENNESSEE VALLEY AUTHORITY          THIRD-PARTY PLAINTIFF

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion to Remand and Sever (DN 7). The motion has been fully brief and is now ripe for a decision. For the reasons outlined below, the motion is **GRANTED**.

### I.  STATEMENT OF FACTS

Plaintiffs Jimmie Sue Brown ("Jimmie Sue") and Chastity Brown ("Chastity") filed this action in Jefferson Circuit Court asserting state-law claims relating to injuries that Decedent Glen Dale Brown ("Decedent") received due to workplace exposure to asbestos. (Compl. ¶¶ 33-99, DN 1-1). Jimmie Sue and Chastity have been appointed Ancillary Co-Administratrices of

Decedent's Estate by the Jefferson District Court.  (Compl. ¶ 1).  Jimmie Sue has also asserted a spousal loss of consortium claim against Defendants.  (Compl. ¶¶ 100-101).

During the course of litigation, Defendant General Electric Company ("GE") sought and was granted leave to assert third-party claims of "indemnity, contribution, and/or apportionment" against Tennessee Valley Authority ("TVA").  (Third-Party Complaint 3, DN 1-1).  Pursuant to 28 U.S.C. § 1442(a)(1), TVA removed this matter to federal court.  (Notice of Removal 2, DN 1).  Plaintiffs have moved to remand this matter to Jefferson Circuit Court and to sever GE's claims against TVA.[1]  (Pls.' Mot. to Remand & Sever 1).

## II. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1442(a)(1), which allows actions to be removed when a claim is asserted against a federal agency.  *See Smith v. Puett*, 506 F. Supp. 134, 137 (M.D. Tenn. 1980) (noting that 28 U.S.C. § 1442(a)(1) "has long been held to be a jurisdictional grant in itself . . . ." (citations omitted)).

## III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 21 provides that this Court may "sever any claim against a party."  Fed. R. Civ. P. 21.  *See also Corvello v. New England Gas Co.*, 247 F.R.D. 282, 285 (D.R.I. 2008) ("Severance refers to the process of dividing a case containing multiple claims into 'separate actions' and it is governed by Rule 21." (citation omitted)).  "Applying this standard, the court has virtually unfettered discretion in determining whether or not severance is appropriate."  *Grigsby v. Kane*, 250 F. Supp. 2d 453, 456 (M.D. Pa. 2003) (citing *Rodin Props.-Shore Mall, N.V. v. Cushman & Wakefield of Pa., Inc.*, 49 F. Supp. 2d 709, 721 (D.N.J. 1999)).

---

[1] Defendant Meadwestvaco Corporation has also moved for summary judgment.  (Def.'s Mot. for Summ. J., DN 15).  That motion has been stayed pending a ruling on GE's motion.  (Order 1, DN 24).

*See also 17th Street Assocs. v. Markel Int'l Ins. Co. Ltd.*, 373 F. Supp. 2d 584, 598 n.9 (E.D. Va. 2005) (citing *Grigsby*, 250 F. Supp. 2d at 456 ).

## IV. DISCUSSION

In their motion, Plaintiffs seek to remand and sever GE's claims against TVA. In ruling on this motion, the Court must first determine whether to sever GE's claims because GE's claims are the basis for the removal of this action.

### A. Motion to Sever

In determining whether to sever GE's claims against TVA, the procedural history and the nature of the claims support the severance of those claims. Accordingly, the Court will sever GE's claims against TVA in this action.

This action was originally filed in Jefferson Circuit Court on July 23, 2013. On June 9, 2014, the state court set the matter for a four-week trial beginning on August 31, 2015. (Pls. Mot. to Remand & Sever Ex. 6, DN 7-7). On April 17, 2015, GE's Third-Party Complaint was filed with the Jefferson Circuit Court. (Third-Party Compl. 1). Subsequently, on May 11, 2015, TVA removed the action. (Notice of Removal 1). At the time of removal, the case was almost 22 months old and discovery was nearing its end due to the impending trial. (Pls. Mot. to Remand & Sever Ex. 6).

In its Third-Party Complaint, GE asserts claims "against [] TVA for indemnity, contribution, and/or apportionment of [] TVA's respective share of fault . . . ." (Third-Party Compl. 3, DN 1-1). Given the nature of the GE's claim against TVA, the procedural history of the state court action, and GE's assertion of claims against TVA at the eleventh hour, the Court concludes that it is appropriate to sever GE's claims against TVA from the other removed claims. Plaintiffs' original claims against Defendants can proceed to trial, and GE's claims

3

against TVA are necessarily premised upon GE having any liability to Plaintiffs for their injuries.

### B. Motion to Remand

Because this Court has determined that it will sever GE's claims against TVA, the Court must next determine whether it will exercise supplemental jurisdiction over the state law claims. This authority is statutorily defined by 28 U.S.C. § 1367, which provides in relevant part:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a). As the Sixth Circuit has noted, "[t]he historical notes to section 1367 indicate that the discretionary exceptions to the mandatory conferral of jurisdiction should be interpreted quite narrowly." *Baskin v. Twp. Bd. of Zoning Appeals*, 101 F.3d 702, 1996 WL 678228, at *6 (6th Cir. Nov. 21, 1996). Thus, this Court must exercise supplemental jurisdiction unless one of the statutory exceptions applies.

A court may decline supplemental jurisdiction over a claim under the following circumstances:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

4

28 U.S.C. § 1367(c). Based upon prior decisions of this Court, the Court concludes that 28 U.S.C. § 1367(c)(2) and (4) provide proper bases for this Court to decline to exercise jurisdiction.

In *Carneal v. Owens-Corning Fiberglas Corp.*, No. 5:01-CV-254-R (W.D. Ky), a defendant filed a third-party complaint against TVA asserting claims for apportionment and indemnity. (Def.'s Resp. to Mot. to Remand & Sever Ex. 1, DN 16-1). After the issue of jurisdiction was briefed by the parties, this Court declined to exercise supplemental jurisdiction over the state-law claims and severed the third-party claims against TVA. (Def.'s Resp. to Mot. to Remand & Sever Ex. 1 at 2, 7). As this Court noted, "[h]ere, federal jurisdiction is present for reasons wholly unrelated to the merits of any claim, and vast majority of the claims are based on state law and between non-federal actors." (Def.'s Resp. to Mot. to Remand & Sever Ex. 1 at 5). In addition, the Court concluded that "the issue that brought [that] case into federal court does not predominate over the various state law claims . . . ."[2] (Def.'s Resp. to Mot. to Remand & Sever Ex. 1 at 7).

In *Carneal*, this Court relied upon the decision in *Carter v. ACANDS, Inc.*, No. 3:02-CV-00009, 2002 WL 31682352 (E.D. Tex. June 27, 2002). In *Carter*, the plaintiffs filed suit alleging that various defendants were liable for the decedent's terminal pleural mesothelioma that was believed to have resulted from his naval service. *See id.* at *1. One of the defendants removed the case under 28 U.S.C. § 1442(a)(1). In granting the motion to sever the claims against one defendant, the court explained:

---

[2] This Court relied upon the reasoning and holding in *Carneal* to sever and remand similar claims in other cases. *See, e.g.*, *Bean v. Owens Corning Fiberglas*, No. 5:01-CV-249-R, Order (W.D. Ky. June 2, 2004) (DN 16-2); *Swift v. Cardinal Indus. Insulation Co.*, No. 4:05-CV-00140-JMH-ERG, Order of Severance & Remand (W.D. Ky. Nov. 28, 2005) (DN 16-3).

> Here, the second factor enumerated in § 1367 applies. "Plaintiffs' Fourth Amended Petition and Jury Demand" indicates that Plaintiff has asserted state law causes of action against a total of at least twenty four defendants. In addition, Plaintiff has made clear that the only claim she intends to pursue against Westinghouse is for failure to warn. Therefore, Plaintiff only has one cause of action against one defendant subject to original jurisdiction in federal court. It is clear that the remaining claims "substantially predominate" over Plaintiff's failure to warn claim against Westinghouse. Therefore, this court declines to exercise its supplemental jurisdiction over Plaintiff's remaining claims.

*Id.* at *5.

In *Carneal*, this Court also discussed the holding in *Madden v. Able Supply Co.*, 205 F. Supp. 2d 695 (S.D. Tex. 2002). In *Madden*, the plaintiff sued various defendants alleging that her deceased husband had been exposed to asbestos during his service in the U.S. Navy. *See id.* at 698. After a defendant removed the action pursuant to the Federal Officer Removal Statute, 28 U.S.C. § 1442(a)(1), the plaintiff moved to remand the case and to sever the claims against the removing defendant. *See id.* In severing and remanding the remaining state-law claims, the court reasoned:

> [T]he second and fourth factors enumerated in § 1367(c) are clearly present. As stated in her Motion to Remand, Plaintiff intends to pursue only one cause of action against Westinghouse—failure to warn. Thus, a single claim asserted against a sole Defendant falls within the scope of the Court's original jurisdiction. On the other hand, the lengthy list of additional causes of action asserted against the remaining Defendants (all forty of them) are supplemental state law claims. Plainly, the Remaining Claims, which are exclusively derived from state law, "substantially predominate" over Plaintiff's single failure to warn claim against the sole "federal officer" Defendant. Moreover, the Court concludes that compelling reasons counsel in favor of remanding the Remaining Claims to state court. First, the Remaining Claims have been pending in state court (Plaintiff's chosen forum) for nearly two years. Effecting a forum change at this crossroads, when all of the Parties have spent considerable time and money preparing for a state court trial (as opposed to a trial in a federal forum), would cause unnecessary hardship to all involved.

*Id.* at 702.

Finally, the holding in *Crocker v. Borden*, 852 F. Supp. 1322 (E.D. La. 1994), was relied upon by this Court in *Carneal*. In *Crocker*, a group of former shipyard workers filed suit alleging that they had been exposed to asbestos. *See id.* at 1324. After the case was removed by a third-party defendant pursuant to 28 U.S.C. § 1442(a)(1), the plaintiffs moved to sever the claim against the third-party defendant. *See id.* at 1324. After concluding that the state claims predominated over any federal claim and warranted remand under 28 U.S.C. § 1367(c)(2), the court severed the claims against the third-party defendant and remanded the remaining claims to state court. *See id.* at 1330-31.

The rationale in *Carneal* supports the same result in the present case under 28 U.S.C. § 1367(c)(2) and (4). Plaintiffs have asserted claims against numerous other Defendants that were pending for almost 22 months before this matter was removed, and GE has also asserted very few claims against TVA. As a result, the Court concludes that Plaintiffs' state-law claims predominate over the claims asserted against TVA.

Likewise, there are other compelling reasons for this Court to decline jurisdiction. Discovery on claims asserted by Plaintiffs against Defendants should have already been completed in preparation for the August 2015 in Jefferson Circuit Court. Thus, GE's assertion of the third-party claims at the eleventh hour would likely cause unnecessary hardship given the considerable time and money already spent preparing this matter for trial in state court.

For these reasons, the Court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(2) and (4). The Court will grant the motion to remand on this basis.

## V. CONCLUSION

**IT IS HEREBY ORDERED** as follows**:**

1. all claims between General Electric Company and Tennessee Valley Authority are hereby **SEVERED** pursuant to Federal Rule of Civil Procedure 21 and are **STAYED** until the conclusion of the accompanying state court action.

2. the Court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(2), and all claims between Plaintiffs and Defendants are **REMANDED** to Jefferson Circuit Court; and

3. Meadwestvaco Corporation's Motion for Summary Judgment (DN 9) is **DENIED AS MOOT**.

**Greg N. Stivers, Judge**
**United States District Court**
October 26, 2015

cc: counsel of record